UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COREY JAMAAL WOODARD,

    Petitioner,

v.                                           Case No: 5:18-cv-220-JLB-PRL
                                                  Criminal Case No: 5:14-cr-42-WTH-PRL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

    Petitioner Corey Jamaal Woodard filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, raising three claims. (Doc. 1.) The United States filed a memorandum opposing the motion. (Doc. 7.) Petitioner replied and moved to supplement the section 2255 motion with an additional ground for relief. (Docs. 10, 13.) The United States does not object to the addition of the ground but contends that ground does not entitle Petitioner to relief. (Doc. 17.) Upon consideration, Petitioner's motion to supplement his section 2255 motion (Doc. 13) is granted, and the Court will also consider his fourth claim in addition to the three claims presented in the original motion.

    Because the section 2255 motion "and the files and records of the case conclusively show that [Petitioner] is entitled to no relief," an evidentiary hearing is unwarranted. 28 U.S.C. § 2255(b). For the reasons discussed below, the section 2255 motion is due to be **DENIED**.

## PROCEDURAL HISTORY

On January 15, 2015, a jury convicted Petitioner as charged in the Superseding Indictment. (Cr. Docs. 28, 87.) Petitioner was convicted of conspiracy to distribute 5 kilograms or more of cocaine (Count One), aiding and abetting an attempt to possess with intent to distribute 500 grams or more of cocaine (Count Two), and possession of a firearm in furtherance of drug trafficking crimes (Count Three). (Cr. Docs. 87, 112.) His advisory sentencing guidelines range was 151–188 months on Counts One and Two, followed by a mandatory minimum sentence of 60 months on Count Three to run consecutive to the sentence on Counts One and Two. (Cr. Doc. 133 at 33.) On May 28, 2015, at a joint sentencing with his co-defendant Shawn Robinson, the Court sentenced Petitioner to concurrent terms of 151 months on Counts One and Two and 60 months on Count Three to run consecutive to the sentences imposed on Counts One and Two. (Id. at 51; Cr. Doc. 112.)

The Eleventh Circuit affirmed Petitioner's convictions and sentences on November 30, 2016. (Cr. Doc. 141); United States v. Woodard, 662 F. App'x 854, 855 (11th Cir. 2016). On June 12, 2017, the Supreme Court of the United States denied his petition for a writ of certiorari. (Cr. Doc. 144.)

Petitioner filed this section 2255 motion on May 1, 2018. (Doc. 1 at 14.) Along with a supplemental ground, he raises an aggregate of four grounds for relief, contending that: (1) trial counsel was ineffective in failing to object at sentencing to the Court's analysis as to relevant conduct, the scope of the conspiracy, and the amount of drugs attributable to Petitioner; (2) appellate counsel was ineffective in

2

not challenging on appeal the Court's "failure to comply with the correct sentencing procedure including Guideline Amendment 790"; (3) trial counsel was ineffective in failing to advise him that he could receive a reduction in his guidelines offense level if he pleaded guilty; and (4) the United States breached its promise to file a Federal Rule of Criminal Procedure 35(b) motion to reduce his sentence in exchange for his assistance in a separate criminal investigation. (Docs. 1, 13.)

## LEGAL STANDARD

Title 28 U.S.C. § 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was constitutionally deficient, meaning that "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). If a petitioner fails to establish either prong, the

3

court need not consider the other prong in finding that there was no ineffective assistance of counsel. Id. at 697.

A court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. And a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690; see also Gates v. Zant, 863 F.2d 1492, 1497 (11th Cir. 1989).

As the Eleventh Circuit has observed:

> [The test for ineffective assistance of counsel] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. Strickland encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (citation omitted).

## DISCUSSION

**Ground One: Failure to Object to Amount of Drugs Attributed to Petitioner**

Petitioner asserts trial counsel rendered ineffective assistance at sentencing because he did not object to the Court's application of U.S.S.G. § 1B1.3, Relevant Conduct. (Doc. 1 at 5.) Petitioner argues as follows:

> At sentencing, the district court employed the wrong framework for determining relevant conduct. The district

4

> court failed to identify the scope of the jointly-undertaken conduct. Also, the district court did not conduct a foreseeability analysis to determine the extent of [Petitioner's] knowledge of the drug dealing activities of Timothy Munnerlin, George Evans, and Shawn Robinson. The district court violated required Guidelines procedure. Defense counsel should have objected to the improper procedure at sentencing. If defense counsel had objected, then the district court would have been constrained by the record to have found a lessor amount of drugs attributable to [Petitioner]; and correspondingly would have found [Petitioner] responsible for 5 kilograms of cocaine (i.e., the minimum amount consistent with the jury verdict and the funds available to commit the crime).

(Id.) After careful review, this ground does not entitle Petitioner to relief.[1]

At the time of Petitioner's sentencing, U.S.S.G. § 1B1.3 provided that "in the case of a jointly undertaken criminal activity" defendants are accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B) (2014). And while "sentencing cannot be based on calculations of drug quantities that are merely

---

[1] Contrary to the United States' contentions, although Petitioner did not raise some of these issues at sentencing or on direct appeal, Petitioner's ineffective assistance of counsel claims in Grounds One and Two are not procedurally defaulted. (Doc. 7 at 6–10); see Massaro v. United States, 538 U.S. 500 (2003). Nor are they "not cognizable." (Doc. 7 at 5.)

However, to the extent Petitioner seeks to raise a claim relating to the Court's factual findings or Amendment 790 independent of ineffective assistance of counsel, the claim is defaulted, barred without a showing of cause and prejudice or actual innocence, and, in all events, does not warrant relief. See Burke v. United States, 152 F.3d 1329, 1332 (11th Cir. 1998) ("[A] claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice."); see also Spencer v. United States, 773 F.3d 1132, 1140 (11th Cir. 2014); Godwin v. United States, No. 19-14273-E, 2020 WL 6342962, at *3 (11th Cir. July 13, 2020).

speculative," it "may be based on fair, accurate, and conservative estimates." United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir. 1998).

Here, Petitioner's presentence investigation report ("PSR") applied a base offense level 34, based on the offense involving between 50 and 150 kilograms of cocaine. (Cr. Doc. 100 at 9, ¶ 22.) In response to the PSR, counsel "adopt[ed]" the "objection to the quantity" of Petitioner's co-defendant, Mr. Robinson. (Id. at 25.) At the joint sentencing, counsel for Petitioner and counsel for Mr. Robinson argued that the drug amount should be limited to five kilograms of cocaine. (Cr. Doc. 133 at 17–21, 26.) After considering argument and evidence presented at trial, including testimony of co-conspirators concerning the seven-year span of the conspiracy, the Court overruled Petitioner's objection to the drug amount. Specifically, the Court ruled:

> It seems to me, the Government has the better argument with respect to the import of the evidence, the dimension of the conspiracy, and the amounts that were being dealt in by the Defendants clearly supports a finding of 50 kilograms, if not more, being involved in the conspiracy offense of which the Defendants have been found guilty by the jury, although, to be sure, the specific jury finding, based upon the verdict form as submitted to them, was a finding of cocaine weighing five kilograms or more.

(Cr. Doc. 133 at 29–30.)

As the record demonstrates, trial counsel indeed objected to the drug quantity attributed to Petitioner. Further, the Court made findings that Petitioner was directly responsible for dealing in at least fifty kilograms of cocaine, as supported by the evidence presented at trial. See United States v. Bennett, 554 F.

6

App'x 817, 821 (11th Cir. 2014) ("In drug conspiracy cases, relevant conduct includes drug amounts with which the defendant was directly involved and also all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that . . . he jointly undertook." (quotation and citations omitted)). As the Eleventh Circuit summarized in affirming Petitioner's convictions and sentences:

> The [cooperating defendant] had known and conducted cocaine transactions with Woodard and Robinson for more than seven years. These transactions typically involved several kilograms of cocaine at a time. During these transactions, Woodard usually would travel from Orlando to Ocala with money to purchase the cocaine and provide the money to the [cooperating defendant.] The [cooperating defendant] would use the money to purchase cocaine from his source, which he then provided to Woodard.

(Cr. Doc. 141 at 5.) The Eleventh Circuit also noted that "[e]ventually, Munnerlyn began to sell cocaine directly to Woodard. As time went on, the size of these transactions got larger—up to 10 kilograms at a time." (Id. at 16; see also Doc. 125 at 34–36, 39–40; Doc. 126 at 20, 49, 90, 127, 131–32.)[2] And as the PSR reflects,

---

[2] The Eleventh Circuit also rejected Petitioner's and Mr. Robinson's related arguments that "the district court's factual findings about the quantity of cocaine involved in their scheme violated the Sixth Amendment." (Cr. Doc. 141 at 3 n.1.) The court explained:

> This argument is foreclosed by our decision in United States v. Charles, 757 F.3d 1222 (11th Cir. 2014), which held that "a district court may continue to make guidelines calculations based upon judicial fact findings and may enhance a sentence—so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict." As in Charles,

7

between 2010 and 2011 alone, "Munnerlyn sold [Petitioner] and Robinson approximately 50 kilograms of cocaine, usually 2 to 4 kilograms at a time. Munnerlyn purchased approximately 7 kilograms of cocaine from [Petitioner] and Robinson." (Cr. Doc. 100 at 7, ¶ 10); see United States v. Berry, 808 F. App'x 857, 860 (11th Cir. 2020) (noting that failure to object to facts in PSR constitutes admission of facts for sentencing purposes).³

And even if the Court did not make—and should have made—an individualized finding as to the scope of the criminal activity undertaken by Petitioner and the reasonable foreseeability of others' acts, see Bennett, 554 F. App'x at 822, Petitioner nevertheless fails to establish ineffective assistance of counsel. Petitioner has not established a reasonable probability that any related objection would have affected his sentence, especially because a finding of fifty kilograms of cocaine attributable to Petitioner was supported by the record. See id. (noting that even absent an individualized finding, a sentence will not be vacated if

---

> here, "[b]ecause the . . . increase here affected only [the defendants'] guidelines calculation and not [their] statutory mandatory minimum or maximum, [their] reliance on Alleyne [v. United States, 133 S. Ct. 2151 (2013)] is misplaced."

(Id. (some citations omitted).)

³ As discussed, Petitioner adopted—without elaboration—Mr. Robinson's objection "to the quantity." (Cr. Doc. 100 at 25.) To the extent Petitioner objected to the facts as described in the PSR and not simply the amount attributed to him for purposes of determining his base offense level, the objection was overruled at sentencing. (Cr. Doc. 133 at 29.) Notably, Petitioner did not object to the PSR's finding that Petitioner's involvement in the conspiracy lasted from 2007 through June 2014. (Cr. Doc. 100 at 6, ¶ 6.) It is, in all events, unnecessary to rely on the PSR to resolve Petitioner's ineffective assistance of counsel claims.

8

the record supports the amount of drugs attributed to the defendant); see also Gray-Bey v. United States, 156 F.3d 733, 742 (7th Cir. 1998) (rejecting ineffective assistance of counsel claim where defendant "failed to adduce any evidence to demonstrate that he was responsible for any less than the full fifteen kilos of cocaine").

Accordingly, even if counsel requested an individualized finding as to the scope of the criminal activity undertaken by Petitioner and the reasonable foreseeability of others' acts at sentencing, Petitioner cannot show that the outcome of his sentencing would have been different. In summary, Ground One does not warrant relief.

**Ground Two: Failure to Raise Sentencing Issues on Direct Appeal**

Petitioner next contends that appellate counsel rendered ineffective assistance in failing to raise claims relating to sentencing on direct appeal. (Doc. 1 at 6.) Specifically, he contends:

> Defense counsel failed to raise on appeal a claim subject to de novo review even in the absence of a contemporaneous objection, thereby denying [Petitioner] effective assistance of appeals counsel.
>
> The facts in Ground One are incorporated by reference. [Petitioner] elucidates, a district court's failure to comply with the correct sentencing procedure including Guideline Amendment 790, is subject to de novo review even in the absence of a contemporaneous objection in the district court proceedings. If appellate counsel has presented the claim, then the Court of Appeals would have vacated the sentence and remanded the matter for resentencing. This court should either vacate and reimpose the existing sentence, so that [Petitioner] is given an adequate appeal

> or this court should conduct a new sentencing hearing under the proper framework.

(Id.) Upon review, this ground does not warrant relief.

First, as noted, counsel did argue on appeal that the Court's factual findings as to the quantity of cocaine involved in the conspiracy violated the Sixth Amendment. See Initial Brief of Appellant, United States v. Woodard, No. 15-12567, 2015 WL 6575740, at *16 (11th Cir. Oct. 27, 2015). That argument was rejected by the Eleventh Circuit. (Cr. Doc. 141 at 3 n.1.)

Second, because the record supported a finding that between 50 and 150 kilograms of cocaine were attributable to Petitioner, any claims relating to the Court's relevant conduct analysis under U.S.S.G. § 1B1.3 would have been unavailing. Accordingly, competent appellate counsel could have reasonably decided against raising the claims on appeal. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (noting that appellate counsel is not ineffective in failing to raise claims "reasonably considered to be without merit" (internal quotation and citation omitted)); see also Jones v. Barnes, 463 U.S. 745, 751 (1983) (noting the importance of "winnowing out weaker arguments on appeal and focusing on one central issue if possible"). Further, Petitioner is unable to establish resulting prejudice. See Philmore v. McNeil, 575 F.3d 1251, 1265 (11th Cir. 2009) (requiring a showing that "the neglected claim would have a reasonable probability of success on appeal").

Turning to Petitioner's contentions relating to Amendment 790, although the amendment went into effect on November 1, 2015, after Petitioner was sentenced,

the amendment applies retroactively and may be considered on direct appeal. (Cr. Doc. 133); see United States v. Barona-Bravo, 685 F. App'x 761, 779–80 & 780 n.16 (11th Cir. 2017). Amendment 790 changed the definition of relevant conduct in the case of jointly undertaken criminal activity to include:

> all acts and omissions of others that were—
>
> > (i) within the scope of the jointly undertaken criminal activity,
> > (ii) in furtherance of that criminal activity, and
> > (iii) reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]

U.S.S.G. § 1B1.3(a)(1)(B) (2015).[4]

Petitioner has failed to establish a claim under Strickland. Indeed, he does not explain how the amended definition of relevant conduct would have resulted in a different finding of the drug quantity attributable to him. And because the record supported a finding that between 50 and 150 kilograms of cocaine were attributable

---

[4] Amendment 790 thus:

> restructured the guideline and its commentary to set out more clearly the three-step analysis the court applies in determining whether a defendant is accountable for the conduct of others in a jointly undertaken criminal activity under § 1B1.3(a)(1)(B). While the "scope" element was previously articulated in the commentary to § 1B1.3, Amendment 790 now placed the "scope" element in the text of the guideline itself and provided several examples in the Application Notes of how the three-part test functions.

Barona-Bravo, 685 F. App'x at 780 (citations and brackets omitted).

11

to Petitioner, even under the amended definition of relevant conduct, appellate counsel's performance was not deficient in failing to raise the claim on appeal. Further, even assuming appellate counsel's performance was deficient, Petitioner has not shown a reasonable probability of success on appeal. Finally, he cites no persuasive authority in support of his contention that any difference in the applicable standard of review supports his ineffective assistance of counsel claim. (Doc. 1 at 6; Doc. 10 at 2–3); see, e.g., Dickinson v. Shinn, 2 F.4th 851, 864 (9th Cir. 2021) (rejecting argument that prejudice could be shown by "loss of a more favorable standard of appellate review"). In all events, the claim would have been unpersuasive. Accordingly, Ground Two does not warrant relief.

**Ground Three: Failure to Advise as to Possible Offense Level Reduction**

Petitioner asserts that trial counsel's "inadequate advi[c]e during the plea bargaining stage resulted in a sentence longer than required." (Doc. 1 at 8.) He explains that counsel

> failed to inform [Petitioner] that he could have pleaded guilty and received a 2 or 3 level reduction in his starting (and reasonably likely) ending Guidelines range; yet still been in a position to challenge the drug quantity finding. If [Petitioner] had been informed of the options available to him, then [Petitioner] would have pleaded guilty, and reduced his sentence exposure to 180 months.

(Id.)[5] Upon review, this ground does not warrant relief.

---

[5] Petitioner's claim thus relates to counsel's purported failure to advise him of the possibility of an offense level reduction for acceptance of responsibility, not, as the United States asserts, a failure "to engage the government in plea bargaining." (Doc. 7 at 12.) Indeed, Petitioner could have pleaded guilty and been eligible for an acceptance of responsibility reduction even without a plea agreement with the United States. See United States v. Coats, 8 F.4th 1228, 1262 (11th Cir. 2021)

12

First, Petitioner has not shown that counsel rendered deficient performance by failing to advise him about the possibility of up to a three-level reduction for acceptance of responsibility if he pleaded guilty. He cites no authority in support of the proposition that this failure by itself constitutes deficient performance. Indeed, courts have held that even an incorrect estimate of an offense level and a failure to advise as to possible enhancements, standing alone, do not constitute ineffective assistance of counsel. See, e.g., United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990); Thomas v. United States, 27 F.3d 321, 325 (8th Cir. 1994). Notably, Petitioner does not connect counsel's alleged failure to advise him about a possible reduction to a rejected plea agreement or a misrepresentation. See Lafler v. Cooper, 132 S. Ct. 1376 (2012); Missouri v. Frye, 132 S. Ct. 1399 (2012).

Even if Petitioner has shown deficient performance, he has not shown that he was prejudiced by the deficient performance. Despite his conclusory allegation that he would have "pleaded guilty" if he "had been informed of the options available to

---

(noting that the reduction is appropriate where the defendant "clearly demonstrates acceptance of responsibility for his offense"). In all events, to the extent Petitioner does contend that counsel was ineffective as to plea bargaining more generally, he has not shown deficient performance and resulting prejudice. See Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (conclusory, unsupported allegations cannot support an ineffective assistance of counsel claim).

Similarly, to the extent Petitioner contends that counsel failed to advise him of the option to plead guilty without benefit of a plea agreement, he has not shown a reasonable probability that he would have "pled guilty 'straight up.'" See Kasper v. United States, No. 3:15-cv-86-J-32PDB, 2018 WL 501557, at *5–6 (M.D. Fla. Jan. 22, 2018) (citing Taylor v. United States, No. 16-12138-K, 2017 WL 5202358, at *3 (11th Cir. Aug. 18, 2017)).

13

him," (Doc. 1 at 8), he has not shown a reasonable probability that he would have pleaded guilty if counsel advised him of the possibility of up to a three-level reduction for acceptance of responsibility. See Pericles v. United States, 567 F. App'x 776, 781–82 (11th Cir. 2014). To the contrary, Petitioner's allegation is belied by the record, which demonstrates that he maintained his innocence during the criminal proceedings. See Rosin v. United States, 786 F.3d 873, 878–79 (11th Cir. 2015) (noting that a petitioner's refusal to accept responsibility during criminal proceedings contradicts a claim that he would have pleaded guilty).

At trial, for example, Petitioner testified on direct examination that he did not participate in a conspiracy involving "large amounts of cocaine," denied that he "aid[ed] and abett[ed] possession of cocaine" on June 19, 2014, and denied that he possessed a firearm in furtherance of drug trafficking crimes. (Cr. Doc. 127 at 141–42.) Petitioner further testified that he only knew George Evans because Mr. Evans purchased dogs from Petitioner. (Id. at 148–51.) Petitioner also testified that he met Timothy Munnerlyn at Mr. Evans's residence, and that once he learned about Mr. Munnerlyn's background as a personal trainer Petitioner began to discuss his physical ailments with Mr. Munnerlyn. (Id. at 151–53.) Petitioner testified that he purchased pills "for pain" and steroids from Mr. Munnerlyn to correct his physical ailments. (Id. at 154–60.) Petitioner denied that his relationship with Mr. Munnerlyn involved cocaine. (Id. at 160.)

Also on direct examination, Petitioner testified that he had roughly $70,000 in his vehicle on June 19, 2014 to purchase marijuana, not cocaine. (Id. at 161–68.)

On cross examination, he was asked whether the transaction actually involved cocaine but maintained that the money was for marijuana and that he had "[n]ever done a cocaine deal in [his] life." (Id. at 199–201.) The jury nevertheless convicted him of conspiracy to distribute 5 kilograms or more of cocaine, aiding and abetting an attempt to possess with intent to distribute 500 grams or more of cocaine, and possession of a firearm in furtherance of drug trafficking crimes. (Cr. Doc. 87.)

Accordingly, that Petitioner maintained his innocence at trial contradicts his allegation that he would have pleaded guilty if he was advised of a possible offense level reduction. And he identifies "no evidence to indicate that prior to his conviction he expressed any desire to plead guilty." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991). Even more, Petitioner has not shown that he would have received a reduction if he pleaded guilty. See United States v. Rodriguez, 905 F.2d 372, 374 (11th Cir. 1990) ("[A] defendant may plead guilty to the offense charged without demonstrating such an acceptance of responsibility." (citing U.S.S.G. § 3E1.1 application note 3)); United States v. Cobbs, 155 F. App'x 430, 433 (11th Cir. 2005) (affirming denial of reduction despite guilty plea).

In summary, absent a showing of a reasonable probability that the outcome of the proceedings would have been different without any deficient performance, Petitioner cannot show prejudice or ineffective assistance of counsel. Ground Three therefore does not warrant relief.

**<u>Ground Four</u>: The United States' Decision Not to File Rule 35(b) Motion**

In his last ground for relief, Petitioner alleges that the United States breached its promise to him to file a motion to reduce his sentence following his assistance in "helping the United States prosecute and convict two murderers" in a separate case, <u>United States v. Rodriguez</u>, Case No. 8:18-cr-205-T-02TGW. (Doc. 13 at 1.)[6] Petitioner states that he provided information to investigators about a "serious threat," was transported from federal prison to the county jail, and was available to testify but ultimately did not. (<u>Id.</u>; Doc. 18 at 2.) He provides no detail about the United States' purported "promise." According to the United States, a "government prosecutor and agent met with [Petitioner]" on September 30, 2019, approximately two weeks prior to the trial. (Doc. 17 at 5.) The United States

---

[6] As noted, Petitioner moved to supplement his section 2255 motion to include this "late-ripening" claim. (Doc. 13 at 1.) The motion is granted to the extent that the Court will consider the claim. Petitioner did not expressly request an opportunity to file an amended motion and, in subsequent filings, requested that his "supplement to his [section 2255 motion] should be granted." (Doc. 18 at 4.) And given the extensive legal and factual bases in support of the ground presented in his motion for leave and reply to the United States' opposition, it is unnecessary for an amended motion to be filed to resolve the claim. (Docs. 13, 18.) In all events, any such request is due to be denied as futile because the underlying claim does not warrant relief. See <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007).

Notably, the United States does not oppose the supplemental claim on the basis of timeliness. The motion for leave to supplement was not filed within a year of the date on which Petitioner's judgment of conviction became final, and the additional claim does not relate back to the claims in the original section 2255 motion. See <u>Farris v. United States</u>, 333 F.3d 1211, 1215–16 (11th Cir. 2003) (affirming denial of motion for leave to amend section 2255 motion to add untimely claim). In all events, even if AEDPA's limitation period as to this claim began to run on "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence," 28 U.S.C. § 2255(f)(4), which was after Petitioner's purported assistance, the claim fails on its merits.

16

further represents that "the prosecution team realized that [Petitioner] proceeded to trial in his own case, and maintained that the government improperly prosecuted him. The prosecution team had no intent to call [Petitioner] as a witness during the Rodriguez trial." (Id.) The trial took place from October 15, 2019 to November 5, 2019. See Rodriguez, No. 8:18-cr-205-T-02TGW (M.D. Fla.), ECF Nos. 533–45.

This ground does not entitle Petitioner to relief. First, Petitioner cites no authority in support of the proposition that the United States' decision not to file a motion to reduce sentence under Rule 35 of the Federal Rules of Criminal Procedure is a cognizable basis of relief in a section 2255 proceeding. See, e.g., Boccio v. United States, No. 6:05-cv-179-Orl-19DAB, 2006 WL 4761060, at *4 (M.D. Fla. Oct. 20, 2006) (finding that a claim "which relates to an alleged promise by the Government made after Petitioner's sentencing[] is not cognizable under § 2255"). In all events, the claim fails. The decision to file a Rule 35(b) motion is at the sole discretion of the United States, and courts cannot compel the United States to file a Rule 35(b) motion. See United States v. Bell, 465 F. App'x 892, 894–95 (11th Cir. 2012). "[J]udicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (quotation omitted).[7]

---

[7] "The only possible exceptions to this limitation on judicial authority are when a plea agreement unequivocally requires the government to file a substantial-assistance motion, or where an oral promise to do so induces a defendant to plead guilty." See United States v. Graham, 517 F. App'x 882, 884 (11th Cir. 2013). Here,

17

Petitioner does not allege in his supplement that the United States' refusal to file a Rule 35(b) motion was due to an unconstitutional motivation. (Doc. 13.) In his reply, he states that his due process rights were violated but does not allege an unconstitutional motivation. (Doc. 18 at 3–4.) Instead, Petitioner contends that the United States failed to file a Rule 35(b) motion based on improper reasons such as the lack of a plea agreement or value of the assistance provided. (Id. at 2–4.) But even allegations of "bad faith" are insufficient to support a breach of promise claim against the United States. See United States v. Forney, 9 F.3d 1492, 1502 n.5 (11th Cir. 1993) (noting that "the government's decision to make or withhold a [substantial assistance] motion is a form of prosecutorial discretion, that is not reviewable for arbitrariness or bad faith" (quotation omitted)); United States v. Uribe, 486 F. App'x 823, 826 (11th Cir. 2012) (finding that a defendant's "assertions that the government's refusal to file [a Rule 35 motion] was in bad faith or resulted from the government's undervaluing his cooperation are not sufficient to trigger judicial review"). And "[w]hen a defendant claims merely that he has provided substantial assistance, or supplements that claim with additional but generalized allegations of improper motive—he will not be entitled to relief." United States v. Jones, 480 F. App'x 555, 561 (11th Cir. 2012) (quotation omitted). In short, Ground Four does not warrant relief.

---

there was no plea agreement, much less one that unequivocally required the United States to file a substantial-assistance motion. And Petitioner did not plead guilty.

18

## CONCLUSION

Petitioner's section 2255 motion does not entitle him to relief. Accordingly, it is **ORDERED**:

1. Petitioner's Motion for Leave to Supplement Mr. Woodard's § 2255 Motion (Doc. 13) is **GRANTED** to the extent that the Court will consider the supplemental claim.

2. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docs. 1, 13) is **DENIED**.

3. The Clerk of Court is **DIRECTED** to terminate any pending motions and deadlines, enter judgment in favor of Respondent and against Petitioner, and close the file.

4. The Clerk of Court is further **DIRECTED** to file a copy of this Order in criminal case number 5:14-cr-42-WTH-PRL.

**IT IS FURTHER ORDERED**:

**A CERTIFICATE OF APPEALABILITY (COA) IS DENIED.** A prisoner has no absolute entitlement to appeal a district court's denial of his section 2255 motion. 28 U.S.C. § 2253(c)(1). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that "the issues presented were adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 336, 338

(2003) (citations and quotations omitted). Petitioner has not made the requisite showing. Because Petitioner is not entitled to a COA, he may not proceed in forma pauperis on appeal.

**ORDERED** in chambers on September 24th, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies to:
Corey Jamaal Woodard
Counsel of Record